| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| 2 | FOR THE SOUTHERN DISTRICT OF TEXAS |
| 3 | MCALLEN DIVISION |

| 4 | UNITED STATES OF AMERICA | § | CASE NO. 7:23-CR-00199-1 |
|---|---|---|---|
| | | § | MCALLEN, TEXAS |
| 5 | VERSUS | § | FRIDAY, |
| | | § | OCTOBER 27, 2023 |
| 6 | LUIS FABIAN VELA | § | 1:18 P.M. TO 1:42 P.M. |

7                          **RE-ARRAIGNMENT**

8              BEFORE THE HONORABLE J. SCOTT HACKER
                  UNITED STATES MAGISTRATE JUDGE
9

10

11   APPEARANCES:                        SEE NEXT PAGE

12   ELECTRONIC RECORDING OFFICER:    JENNIFER NOGUEIRA

13

14

15

16

17

18

19

20                    TRANSCRIPTION SERVICE BY:

21             JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                      935 Eldridge Road, #144
22                    Sugar Land, TX 77478
                          281-277-5325
23              mary@judicialtranscribers.com

24

25      Proceedings recorded by electronic sound recording;
        transcript produced by transcription service.

**APPEARANCES:**

FOR THE PLAINTIFF:         US ATTORNEY'S OFFICE
Devin Victoria Walker
1701 West Business Highway 83
Suite 600
McAllen, TX 78501
956-992-9365

FOR THE DEFENDANT:        ATTORNEY AT LAW
Carlos Andres Garcia
1305 East Griffin Parkway
Mission, TX 78572
956-584-1448

ALSO PRESENT:           HEATHER GARCIA, PRETRIAL

**MCALLEN, TEXAS; FRIDAY, OCTOBER 27, 2023; 1:18 P.M.**

THE COURT:  All right, let me call 23-CR-00199, Luis Fabian Vela.

MR. GARCIA:  Good afternoon, Your Honor.

Carlos Garcia on behalf of Mr. Vella.

THE COURT:  All right, do you have an announcement?

MR. GARCIA:  I do, Your Honor.

We're present and ready for a plea.

THE COURT:  All right, and there's no plea agreement.

MR. GARCIA:  Correct.

THE COURT:  All right.  Mr. Vela, do you prefer English?

DEFENDANT VELA:  Yes, sir.

THE COURT:  Let me ask you to raise your right hand and take an oath for the court.

You know, my script's not up here.

    (Defendant sworn.)

THE COURT:  All right, you can put your hand down.

Now, Mr. Vela, you are under oath.  Do not lie to the Court during this process.  If you do, the Government can use the statements that you make today against you and charge you with a separate criminal offense, either for

perjury or false statement. I want to remind you you have the right to remain silent here in this hearing. Any statements that you make regarding the charge or allegations can be used against you to prosecute them.

Do you understand, sir?

DEFENDANT VELA: Yes, sir.

THE COURT: Now, you're here before the Court because it's my understanding that you want to enter a guilty plea. However, before I start this process with you, I need to let you know that you have the right to have your plea taken or this hearing heard before the District Judge. I am a Magistrate Judge. I cannot find you guilty and I cannot sentence you.

However, with your consent or agreement today, I can preside over this hearing, and if you do in fact go through with a guilty plea at the end, I can make a report and recommendation to the District Judge that she find you guilty and sentence you accordingly. In fact, it's my understanding that you signed a consent form to allow that to happen.

Mr. Vela, is this your signature on the consent form in front of you?

DEFENDANT VELA: Yes, sir.

THE COURT: By signing that document, you are agreeing to allow me to have this hearing for you today; is

1  that what you want to do?

2           DEFENDANT VELA:  Yes, sir.

3           THE COURT:  All right.  Now, during this process,

4  I'm going to go over various rights that you have and

5  various consequences that you are facing if you do choose to

6  enter a guilty plea.  If at any time you do not hear me or

7  you don't understand something that I'm explaining to you,

8  please raise your right hand high, or when I ask you, tell

9  me you don't understand, and I will clarify things or

10  correct things so that you do understand.  It's important

11  that you hear and understand everything that I explained to

12  you today.

13          Do you understand, sir?

14          DEFENDANT VELA:  Yes.

15          THE COURT:  Now, I need to make sure that I have

16  your correct name on this Indictment, and then I'll get some

17  background information from you.

18          Sir, is your true correct name Luis Fabian Vela?

19          DEFENDANT VELA:  Yes.

20          THE COURT:  Where were you born?

21          DEFENDANT VELA:  McAllen.

22          THE COURT:  All right, and how far did you get in

23  school?

24          DEFENDANT VELA:  I have a professional degree.

25  I'm a pharmacist.

1          THE COURT:  Okay, and you read and write in the

2    English language?

3          DEFENDANT VELA:  Yes.

4          THE COURT:  And are you married?

5          DEFENDANT VELA:  I'm widowed.

6          THE COURT:  Okay, and do you have any children?

7          DEFENDANT VELA:  Yes.

8          THE COURT:  The ages -- how many do you have?

9          DEFENDANT VELA:  4.

10          THE COURT:  The ages of your 4 children?

11          DEFENDANT VELA:  31 and 21.

12          THE COURT:  That's 2.

13          DEFENDANT VELA:  The oldest is 31 and the

14    youngest three are all 21.

15          THE COURT:  Oh, okay.

16          DEFENDANT VELA:  They're triplets.

17          THE COURT:  All right.  You know, a couple of

18    times in this business, someone has told me that they've had

19    two kids that were 12 years old or 14 years old and said he

20    had twins, and they said no.  So, I was kind of hesitant to

21    ask you that question.

22          DEFENDANT VELA:  Yeah, they're triplets.

23          THE COURT:  But anyway, and what kind of work do

24    you do?

25          DEFENDANT VELA:  The last year and a half or two

1 | years, I've been a restaurateur.  I own a restaurant.

2 | THE COURT:  All right.

3 | DEFENDANT VELA:  But I worked as a pharmacist for

4 | 25 years.

5 | THE COURT:  All right, are you under the care,

6 | have you ever been under the care of a medical professional

7 | for the treatment of any mental health issues?

8 | DEFENDANT VELA:  No.

9 | THE COURT:  Have you ever had a head injury or a

10 | brain injury in the past?

11 | DEFENDANT VELA:  No.

12 | THE COURT:  Are you under the influence of

13 | alcohol, drugs, or medication at this time?

14 | DEFENDANT VELA:  No.

15 | THE COURT:  In the last 72 hours, have you taken

16 | any alcohol, drugs, or medication?

17 | DEFENDANT VELA:  No.

18 | THE COURT:  Mr. Garcia, are you satisfied your

19 | client is competent to go forward with a guilty plea?

20 | MR. GARCIA:  Yes, sir.

21 | THE COURT:  Mr. Vela, I need to make sure that

22 | you've had enough time to discuss your case with your

23 | attorney and get your questions answered so that you feel

24 | comfortable going forward with that decision today.

25 | Have you had enough time to discuss your case

1    with your attorney?

2             DEFENDANT VELA:  Yes.

3             THE COURT:  Are you satisfied with his legal

4    representation?

5             DEFENDANT VELA:  Yes.

6             THE COURT:  Let me read the charge that you're

7    pleading to.  This is an offense under Title 18 USC Section

8    2422(b).  It reads from on or about September 29th, 2022

9    through on or about October 5th, 2022, in the Southern

10   District of Texas and jurisdiction of the Court that you did

11   use a facility in means of interstate and foreign commerce

12   to knowingly persuade, induce, entice, and coerce, or

13   attempt to persuade, induce, entice, and coerce an

14   individual who has not attained the age of 18 years to

15   engage in prostitution or any sexual activity for which said

16   Defendant could be charged with an offense.  They're saying

17   that is receipt and attempted receipt of child pornography

18   in violation of Title 18 USC Section 2252(a)(2)(A).

19            Now, what the Government would have to prove in

20   this offense against you, they would have to prove that you

21   knowingly persuaded, induced, enticed, or coerced, or you

22   attempted to persuade, induce, entice, or coerce an

23   individual to engage in any sexual activity or prostitution

24   as charged in the Indictment.  The Government would have to

25   prove that you used the internet, or the mail, or a

1  telephone, or a cell phone, or any facility or means of

2  interstate or foreign commerce to do it or to do so.  The

3  Government has to prove that you believed that such

4  individual was less than 18 years of age, and the Government

5  would have to prove that had the sexual activity actually

6  occurred, you could have been charged with a criminal

7  offense of receipt and attempted receipt of child

8  pornography under the laws of the United States,

9  specifically Title 18 USC Section 2252(a)(2)(A).

10         Sir, do you understand this charge against you?

11         DEFENDANT VELA:  Yes.

12         THE COURT:  Do you have any questions about the

13  charge?

14      (No audible response.)

15         THE COURT:  Excuse me?

16         DEFENDANT VELA:  No.

17         THE COURT:  All right.  Now, connected to your

18  case, you have the right to have an attorney to represent

19  you throughout that case, your case, and you have that right

20  even if you cannot afford an attorney.  Now, you have

21  retained Mr. Garcia to represent you as your attorney, and

22  you need to understand that if you wanted to go to trial on

23  this offense, or your case, and have further hearings, and

24  you could not afford to pay him to represent you at trial in

25  further hearings, that the Court would be obligated to give

1  you a Court appointed attorney for free to represent you at

2  trial or further hearings if you wanted and needed.

3          Do you understand, sir?

4          DEFENDANT VELA:  Yes.

5          THE COURT:  Now, you also have the right to enter

6  a plea of not guilty today to this charge as you did to

7  begin with, and if you wish to go forward with a plea of not

8  guilty, you have a right to a jury trial.  You have the

9  right to have 30 days to prepare for that trial.  At the

10 trial, the Government must prove your guilt beyond a

11 reasonable doubt.

12          The jury is made up of 12 citizens of this

13 community, and the jury would be the one to decide whether

14 you're guilty or not guilty.  In connection with the jury

15 trial, you have the right to have the Government present the

16 witnesses that would testify against you.  You have the

17 right through your attorney to ask questions of those

18 witnesses.  That's called your right to cross-examination.

19          You have the right to present evidence at that

20 trial.  You have the right to present witnesses of your own

21 and make them be present in court to testify even if they

22 wish not to do so.  You have the right to testify at your

23 trial if you wish.  You also have the right to choose not to

24 testify and to remain silent, and if for any reason you make

25 that choice not to testify at your trial, your decision not

to testify cannot be considered by the jury as evidence of
guilt or evidence of anything else in your case.

These are all rights that you have if you wish to
go forward with a plea of not guilty.

Do you understand, sir?

DEFENDANT VELA: Yes.

THE COURT: Now, if you choose to plead guilty
today, you'll be giving up all of these rights that I've
just explained to you because if you enter a guilty plea,
there's not going to be a jury trial. The District Judge
will be the person that decides if you are guilty or not
guilty. There will be no witnesses presented except for
yourself because you'll become a witness in your case.
Basically, what happens is the Government will tell the
Court facts about your case, I'll ask you some questions
regarding those facts, and you'll have to answer those
questions for me. That means you'll be giving up your right
to remain silent.

Do you understand, sir?

DEFENDANT VELA: Yes.

THE COURT: Now, with this understanding, do you
wish to give up your right to a jury trial, the right to
have witnesses presented, both yours and the Government's,
and your right to remain silent? Do you wish to give up
these rights today by entering a guilty plea?

1               DEFENDANT VELA:  Yes.

2               THE COURT:  Well, just out of an abundance of

3 caution, Mr. Vela, you were looking at your attorney for an

4 answer, and I want you to know this is your decision.  It's

5 not your attorney's decision.

6               DEFENDANT VELA:  Yeah, we discussed all that.

7               THE COURT:  Do you need time to speak to

8 Mr. Garcia?

9               DEFENDANT VELA:  No, we already discussed it.

10              THE COURT:  Okay, and I just want you to know

11 that if you want to exercise your right to a trial, that's

12 your decision alone to make.

13              DEFENDANT VELA:  Correct.

14              THE COURT:  So, are you willing to give up these

15 rights today and go forward with the process of pleading

16 guilty?

17              DEFENDANT VELA:  Yes.

18              THE COURT:  All right.

19            Now, have you spoken with your attorney about

20 what you may be facing by way of punishment if you're found

21 guilty in your case?

22              DEFENDANT VELA:  Yes.

23              THE COURT:  If you plead guilty to this charge in

24 your Indictment, you're facing a minimum mandatory sentence

25 of 10 years in prison and a maximum of life in prison.

1          Do you understand, sir?

2          DEFENDANT VELA:  Yes.

3          THE COURT:  Now, you're also facing what we call

4    a period of supervised release.  Regarding supervised

5    release, you're facing a minimum of 5 years of supervised

6    release and a maximum of, excuse me, life of supervised

7    release.  Supervised release is a period of time after

8    you've been released from prison.  You're not in custody

9    anymore, but you're still kept under Court supervision.

10          While on supervised release, the Court orders you

11   to do or not to do certain things, and any violations of

12   your supervised release could result in more prison time in

13   your case.

14          Do you understand, sir?

15          DEFENDANT VELA:  Yes.

16          THE COURT:  Now, the law also sets out that you

17   could be fined up to $250,000 based on your ability to pay

18   and a $100 special assessment even if you do not have the

19   ability to pay.

20          Do you understand, sir?

21          DEFENDANT VELA:  Yes.

22          THE COURT:  Probation or Government, does that

23   $5,000 special assessment under the Victims Act of

24   Trafficking apply to this offense?

25          MS. WALKER:  Yes, Your Honor, it does.

1     THE COURT:  It does?

2     MS. WALKER:  Yes. Your Honor.

3     THE COURT:  There's also a second special

4  assessment that could be added to your sentence.  It's a

5  $5,000 special assessment, and it's also based on your

6  ability to pay under the Justice for Victims of Trafficking

7  Act.

8     Do you understand, sir?

9     DEFENDANT VELA:  Yes.

10     THE COURT:  Now, the law also requires that the

11  Court determine if you should pay restitution in your case.

12  Restitution is an amount of money that the Court determines

13  and orders a person to pay a victim in the case of the

14  offense to make them whole, and this would include any

15  victim that could be identified through any images or videos

16  that were in your possession.

17     Do you understand, sir?

18     DEFENDANT VELA:  Yes.

19     THE COURT:  The law also sets out that if you

20  plead guilty, you're going to be classified as a sex

21  offender and it will require you to register as a sex

22  offender.  If you are convicted, it will require you to

23  register as a sex offender as required under federal and

24  state laws.

25     Do you understand?

1          DEFENDANT VELA:  Yes, sir.

2          THE COURT:  All right.

3          Government, do you think that was admonished

4   adequately?

5          MS. WALKER:  Yes, Your Honor.

6          THE COURT:  Mr. Garcia?

7          MR. GARCIA:  Yes, Your Honor.

8          THE COURT:  Now, Mr. Vela, have you discussed

9   with your attorney how the Sentencing Guidelines apply to

10  your case?

11         DEFENDANT VELA:  Yes.

12         THE COURT:  Now, within the statutory penalty

13  ranges that we went over, the District Judge will look at

14  the Sentencing Guidelines in sentencing you.  And the

15  Sentencing Guidelines provide the District Judge with a

16  range of months that the Judge should consider when deciding

17  your actual sentence.  Basically, what will happen if you

18  plead guilty and the District Judge finds you guilty, your

19  case will be set for sentencing.

20         At your sentencing, the District Judge will

21  consider all the Guidelines that apply to your case.  She'll

22  consider everything else that's presented to her in your

23  case as well as the law that applies to sentencing.  The

24  District Judge will then decide what sentence you should

25  receive.  That sentence could be within your guideline

1  range, it could be less than your guideline range, it could

2  be more than your guideline range provided that you are

3  sentenced within the statutory penalties that apply to your

4  case, which sets a minimum of 10 years and a maximum of

5  life.

6           So, as to the Sentencing Guidelines, all the

7  District Judge has to do is consider them.  She does not

8  have to follow them.

9           Do you understand, sir?

10          DEFENDANT VELA:  Yes.

11          THE COURT:  Now, it's important for you to

12 understand that while the Court expects your attorney to

13 have given you an estimated Guideline range that the

14 attorney believes applies to the case, you need to

15 understand that the estimate, it is not a promise.  It is

16 not a guarantee.  It is the District Judge that decides what

17 the correct Guideline range is, and she does not do that

18 until the time of sentencing.

19          So, whatever your attorney has told you, it could

20 turn out to be different at sentencing, and if it is

21 different, you would not be able to withdraw your guilty

22 plea.

23          Do you understand, sir?

24          DEFENDANT VELA:  Yes.

25          THE COURT:  Now, have you understood everything

that we've explained so far?

DEFENDANT VELA: Yes.

THE COURT: Do you have any questions about what we've covered?

DEFENDANT VELA: No.

THE COURT: Now, it's my understanding you do not have a plea agreement with the Government.

Government, were there any plea agreements offered to this individual?

MS. WALKER: No, Your Honor.

THE COURT: Is that correct, Mr. Garcia?

MR. GARCIA: That's correct, Your Honor.

THE COURT: All right. Now, Mr. Vela, I don't think anyone's promised you anything to get you to plead guilty today but if someone has promised you something, either your attorney, the Government, or someone else to get you to plead guilty, you need to tell the Court so that we can make a record of it, to make sure it's appropriate, to make sure it's a promise you can rely on.

Has anyone made you any promises to get you to plead guilty to that?

DEFENDANT VELA: No.

THE COURT: Has anyone forced you, coerced you, or threatened you to get you to plead guilty today?

DEFENDANT VELA: No.

1          THE COURT:  Are you pleading guilty today freely

2    and voluntarily?

3          DEFENDANT VELA:  Yes.

4          THE COURT:  Are you pleading guilty because you

5    did what the Government is accusing you of in this offense?

6          DEFENDANT VELA:  Yes.

7          THE COURT:  Now, you're a United States citizen.

8    You said you were born in McAllen.  And the reason I have to

9    ask that is because if you weren't, I'd have to tell you you

10   could be deported or removed and sent back to your home

11   country.  You could be denied admission and denied

12   citizenship in the future in the country.  But since you're

13   a United States citizen, that doesn't apply to you.

14          Do you understand?

15          DEFENDANT VELA:  Yes.

16          THE COURT:  Now, we talked about a lot today.

17   We've talked about the charge that you're pleading to in the

18   indictment.  We talked about your right to a jury trial and

19   the rights that go with it.  We talked about the statutory

20   penalties.  We talked about the Sentencing Guidelines.  We

21   talked about that you didn't have a plea agreement and other

22   things.

23          And the point is, nothing that I've explained to

24   you today should have been a surprise to you.  You should

25   have discussed all of these areas with your attorney before

seeing me. That's important in making a knowing and voluntary plea. If for some reason you don't remember discussing something that I've covered today with the attorney, that's okay. Answer the next question no, and I'll give you more time to see your attorney or speak with your attorney.

You can go over those areas you don't remember discussing. You can ask your attorney questions, and I'll just bring you back a little later to see if you still want to plead guilty.

So, my question is, have you discussed everything that I've covered with you today with the attorney before seeing me?

DEFENDANT VELA: Yes.

THE COURT: All right, I'm going to simply ask you how you plead to this charge in your Indictment. You simply just need to say guilty or not guilty. If you choose to plead guilty, we'll get a factual basis from the Government and you tell me what you agree or don't agree with.

Sir, how do you plead to this charge in your Indictment? Guilty or not guilty?

DEFENDANT VELA: Guilty.

THE COURT: All right, listen carefully what the Government states. Let me know if you disagree with

1    anything.

2    MS. WALKER:  From September 29th, 2022 through

3    October 5th, 2022, in the Southern District of Texas, the

4    Defendant did use a facility and means of interstate and

5    foreign commerce to knowingly persuade, induce, entice, and

6    coerce an individual who has not attained the age of 18 to

7    engage in any sexual activity for which any person could be

8    charged with a criminal offense, that is, receipt and

9    attempted receipt of child pornography in violation of

10   18 USC 2252(a)(2)(A).

11   From September 29th, 2022 through October 5th,

12   2022, the Defendant engaged in WhatsApp communications with

13   Minor Victim 1.  Whatsapp utilizes the internet, which is a

14   means of interstate and foreign commerce.  Throughout the

15   conversation, Minor Victim 1 told the Defendant they are

16   16 years old.  After Minor Victim 1's age was established,

17   the Defendant instructed Minor Victim 1 on how to take

18   images of the genital area.  As a result, Minor Victim 1

19   produced videos and photographs of child pornography and

20   sent them to the Defendant.  The Defendant paid Minor

21   Victim 1 in exchange for the images of Minor Victim 1.

22   These videos and images of Minor Victim 1 meet

23   the federal definition of child pornography as defined in 18

24   USC Section 2256(8).  The Defendant's conduct to obtain the

25   child pornography images of Minor Victim 1 constitutes

1   receipt and attempted receipt of child pornography in

2   violation of 18 USC Section 2252(a)(2)(A).

3           THE COURT:  All right.  Mr. Vela, do you disagree

4   with any of those facts?

5           DEFENDANT VELA:  No.

6           THE COURT:  Sir, they're basically saying that

7   from September 29th, 2022 through on or about October 5th,

8   2022, that you were communicating with a person over the

9   WhatsApp application.

10          Is that true?

11          DEFENDANT VELA:  Yes.

12          THE COURT:  And you were using the internet.

13          Is that true?

14          DEFENDANT VELA:  It was a phone.  It was -- yeah,

15  I guess, it was internet.  Had to have been whatever it was

16  the phone uses, data, cellular data --

17          THE COURT:  Okay, but you were using the

18  WhatsApp.

19          Is that true?

20          DEFENDANT VELA:  Yes.

21          THE COURT:  All right, and they're saying that

22  this person that you were in contact with and having

23  communications was 16 years old.

24          Is that true?

25          DEFENDANT VELA:  That's what she told me.

1      THE COURT:  Okay, they're saying that in the

2   communications you had with this minor, you persuaded them

3   or induced them to take pictures of their genitalia and send

4   them to you.

5      Is that true?

6      DEFENDANT VELA:  Yes.

7      THE COURT:  Did that happen?

8      DEFENDANT VELA:  Yes.

9      THE COURT:  And they're saying in return you paid

10  this minor.

11     Is that true?

12     DEFENDANT VELA:  Yes.

13     THE COURT:  Anything else regarding the factual

14  basis, Government?

15     MS. WALKER:  No, Your Honor.

16     THE COURT:  Anything else regarding the factual

17  basis, Mr. Garcia?

18     MR. GARCIA:  No, Your Honor.

19     THE COURT:  Government, are you satisfied he's

20  made a knowing and voluntary plea?

21     MS. WALKER:  Yes. Your Honor.

22     THE COURT:  And you did receive those images,

23  correct?

24     DEFENDANT VELA:  Yes.

25     THE COURT:  All right, do you think your client

1  has made a knowing and voluntary plea, Mr. Garcia?

2          MR. GARCIA:  Yes, Your Honor.

3          THE COURT:  I'll find that it is a knowing and

4  voluntary plea, that he is competent and capable of making

5  that plea, and he understands the nature of the charge

6  against him and the consequences of the plea and guilty.

7  I'll find there's a factual basis in the record to support

8  the plea.  I'll enter a report and recommendation to the

9  District Judge that she should find him guilty and sentence

10  him accordingly.

11          His Presentence Report will be due December 1st,

12  2023, objections will be due December 15th, 2023, the final

13  will be due December 29th, 2023, and his sentencing date

14  will be set before the District Judge for January the 17th,

15  2024 at 9:00 a.m.

16          Have you understood everything to this point,

17  Mr. Vela?

18          DEFENDANT VELA:  Yes.

19          THE COURT:  Anything else regarding the plea or

20  instructions?

21          Government?

22          MS. WALKER:  Nothing further, Your Honor.

23          THE COURT:  Mr. Garcia?

24          MR. GARCIA:  No, Your Honor.

25          THE COURT:  Now, on the issue of bond,

1  Government, is there any objection to him staying out on

2  bond?

3             MS. WALKER:  No, Your Honor.

4             THE COURT:  Do you want to say anything for the

5  record regarding that, Mr. Garcia?

6             MR. GARCIA:  Your Honor, respectfully. Mr. Vela

7  recently lost his spouse, wife, has two adult children who

8  are autistic, two of the three triplets.  One of them is

9  homebound in diapers.  They do require a lot of assistance

10 and a lot of help from Mr. Vela.  He cooks for them, he

11 shops for them, and takes care of them every day.  He needs

12 to make arrangements for them and for his various interests

13 in the community.

14            Respectfully, I asked the Court to consider the

15 fact that he has no criminal history, he's a US citizen, has

16 strong ties to the community, is not a risk of flight, and

17 is not a danger to the community.

18            THE COURT:  All right.

19            Government, do you know whether or not there's

20 been any violations of his bond conditions?

21            MS. WALKER:  There has not been any violations,

22 Your Honor.

23            THE COURT:  All right, and I'll note that I did

24 review the Pretrial Services Report that was initially

25 entered into the case when a bond was granted.  I think the

1  only criminal history I saw was an old DWI where there was

2  no issues on probation I don't think, and then there was no

3  conduct up to this offense.

4          I guess, Government, let me ask you, was this

5  conduct more ongoing or is that going to be something I

6  should be concerned with?

7          MS. WALKER:  Is his conduct ongoing, Your Honor?

8          THE COURT:  I guess, what I'm saying is, I mean,

9  you know, you gave me a factual basis of one incident over

10 this relatively short period of time; is there any reason to

11 think this has been going on for years or --

12         MS. WALKER:  We have not found any evidence of

13 anything else, Your Honor.

14         THE COURT:  Okay, like I said, based on my

15 understanding that there's no evidence of any other further

16 criminal activity, and more specifically, while he's been

17 out on bond, I will make a finding that there is clear and

18 convincing evidence that he's not a flight risk or a danger

19 to the community and allow him to stay out on bond under the

20 same terms and conditions that have been previously imposed

21 by the Court.

22         I do know that you have an opposed Motion to

23 Modify the Conditions.  Judge Alvarez has kept that.  So, I

24 don't know if --

25         MR. GARCIA:  Yes, Judge.

1         THE COURT: -- (indiscernible) ruled that or not.

2         MR. GARCIA: Thank you.

3         THE COURT: Anything else from the Government?

4         MS. WALKER: No, Your Honor.

5         THE COURT: Anything else from Mr. Garcia?

6         MR. GARCIA: No, Your Honor.

7         THE COURT: All right, does he need to be

8 remanded or anything to be rereleased, or -- all right, then

9 you're free to go.

10         MR. GARCIA: Thank you. Judge.

11      (Proceedings adjourned at 1:42 p.m.)

12               * * * * *

13      *I certify that the foregoing is a correct*

14 *transcript to the best of my ability produced from the*

15 *electronic sound recording of the proceedings in the above-*

16 *entitled matter.*

17 */S/ MARY D. HENRY*

18 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

19 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

20 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

21 *JTT TRANSCRIPT #67877*

22 *DATE FILED: NOVEMBER 24, 2023*

23

24

25